UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

MARIA G. MASUCCI )
    Plaintiff )
 )
v. ) COMPLAINT AND
 ) JURY TRIAL DEMAND
 )
NORMAN MINETTA, Secretary, )
U.S. DEPARTMENT OF )
TRANSPORTATION )
    Defendant )

## INTRODUCTION

Plaintiff, a white female employee of the Federal Aviation Administration, brings this action under Title VII of the Civil Rights Act of 1964 and other statutes, to redress wrongs done to her as a result of discrimination on the basis of sex, sexual harassment, discrimination on the basis of disability, and reprisals taken against her for complaints of unfair and discriminatory job actions.

On August 21 1998, plaintiff timely submitted a charge of discrimination on the above basis to the Equal Employment Opportunity Commission.

On September 24, 2004, plaintiff received a "notice of right to sue within 90 days" from the EEOC. A copy of this notice is attached and incorporated herein by reference.

## JURISDICTION

Jurisdiction is appropriate in this Court pursuant to 42 U.S.C. §§2000(e) and 1983 and 28 U.S.C. §1331 as the Plaintiff alleges violations of her civil rights by the defendant.

## PARTIES

The plaintiff, Maria G. Masucci, is an individual who resides in Peabody, Essex County, Massachusetts.

Defendant, Norman Minetta, Secretary, United States Department of Transportation, is, and was at all times material hereto an employer and is accountable for the action of the agency's agents and its supervisors.

## FACTS COMMON TO ALL COUNTS

1. The plaintiff has been employed by the defendant in the Federal Aviation Administration since 1996.

2. The plaintiff was hired by William Fogerty, Branch Manager of the Civil Aviation Security Division as a GS-301-9 Program Security Specialist even though she was at a GS-080-11 level.

3. William Fogerty explained to the plaintiff that he hired her at the lower level due to budgetary reasons and that she would be promoted to GS-301-11 within three months and then to GS-301-12 within three months thereafter.

4. The plaintiff did not receive her promotion to GS-301-12 until January, 1998 approximately 2 years after she was hired.

5. The plaintiff's job position was covered in a nationally standardized GS-301-13 position description and all of her counterparts either were GS-13's or had promotion potential to GS-13.

6. A male employee who came directly from the Air Force where his official rank was less than or equal to the plaintiff's was hired to work for the Civil Aviation Security Division at the GS-12 level and was never asked to accept a lesser pay grade.

7. During the plaintiff's employment and while she was under the supervision of William Fogerty, she was subjected to a hostile work environment.

8. Fogerty made inappropriate remarks of a sexual nature and in meetings, when he was upset, would scream at the plaintiff.

9. Fogerty used the words "sweetie" and "tits" in reference to women and would openly flirt with women.

10. During the plaintiff's employment and while she was under the supervision of William Fogerty, she was discriminated against on the basis of her sex and disability.

11. Fogerty repeatedly made reference to the plaintiff's medical condition and used it as a basis to deny the plaintiff a maxiflex schedule even though she had only one seizure in her fourteen years as a federal employee.

12. The plaintiff was also involved in unrelated medical treatments due to her infertility.

13. Fogerty used his knowledge of her medical situations to change the plaintiff's schedule to conflict with her doctor's appointments and discussed her infertility condition with her co-workers in violation of her privacy rights.

14. The plaintiff spoke to the Division Manager, Willie Gripper, about Fogerty on December 19, 1997 but the situations were not rectified.

15. When Gripper learned that the plaintiff had complained to the EEO and human resources, he rescinded use of private owned vehicles and maxi-flex schedules to all employees in her division causing her co-workers to blame her for this.

16. When Gripper learned that the plaintiff had complained to the EEO and human resources, he increased, without justification, the plaintiff's work load with regard to her quarterly reports.

## COUNT ONE
### Wage Discrimination

17. The plaintiff repeats and realleges paragraphs 1 through 16 above as if set forth herein.

18. The defendant by its actions discriminated against the plaintiff with regard to the wages she received in violation of M.G.L. c. 149.

19. As a direct and proximate result of the defendant's discrimination against the plaintiff, the plaintiff suffered severe and permanent injuries including loss of earnings, loss of benefits, emotional distress, and other damages.

WHEREFORE, the plaintiff demands judgment as against the defendant in an amount to be determined by a jury plus interest, attorney's fees, liquidated damages, punitive damages and costs as allowed by law.

## COUNT TWO
### Violation of Equal Rights Act

20. The plaintiff repeats and realleges paragraphs 1 through 19 above as if set forth herein.

21. The defendant by its actions violated the provisions of the Equal Rights Act, M.G. L. C. 93, §102.

22. As a direct and proximate result of the defendant's actions, the plaintiff suffered severe and permanent injuries including loss of earnings, loss of benefits, emotional distress, and other damages.

WHEREFORE, the plaintiff demands judgment as against the defendant in an amount to be determined by a jury plus interest, attorney's fees, liquidated damages, punitive damages and costs as allowed by law.

## COUNT III
### Sexual Harassment

23. The plaintiff repeats and realleges paragraphs 1 through 22 above as if set forth herein.

24. The plaintiff was subjected to sexually harassing remarks from her immediate superior, William Fogerty and was subjected to a hostile work environment by William Fogerty.

25. In the remarks and actions alleged above, William Fogerty acted within the scope of his employment as an agent of the Department of Transportation and the Federal Aviation Administration and of the defendant, Norman Minetta, Secretary. Such actions occurred under the supervisory control of Willie Gripper.

26. Plaintiff's claim of gender-based discrimination arises from the above allegations of sexually harassing remarks and actions.

27. William Fogerty's sexually discriminatory conduct created a work environment extremely detrimental to plaintiff's emotional and physical health, interfered with plaintiff's work performance, and caused her acute emotional distress necessitating medical treatment and consequent medical expenses.

WHEREFORE, the plaintiff demands judgment as against the defendant in an amount to be determined by a jury plus interest, attorney's fees, liquidated damages, punitive damages and costs as allowed by law.

## COUNT IV
### Disability

28. The plaintiff repeats and realleges paragraphs 1 through 27 above as if set forth herein.

29. The actions of William Fogerty as set forth above relating to his invasion of the plaintiff's privacy by obtaining private medical information about the plaintiff, and using that information to adversely effect the terms and conditions of the plaintiff's employment and in discussing the plaintiff's medical conditions with her co-workers, constitute discrimination on the basis of disability and/or handicap.

WHEREFORE, the plaintiff demands judgment as against the defendant in an amount to be determined by a jury plus interest, attorney's fees, liquidated damages, punitive damages and costs as allowed by law.

## COUNT V
Reprisals

30. The plaintiff repeats and realleges paragraphs 1 through 29 above as if set forth herein.

31. When the plaintiff complained to Fogerty's supervisor, Willie Gripper, about the sexual harassment, hostile work environment, and discrimination on the basis of disability/handicap, Gripper took actions against her in reprisal for her complaints. Such actions included, but are not limited to yelling at her, cursing at her, and rescinding her maxiflex schedule.

WHEREFORE, the plaintiff demands judgment as against the defendant in an amount to be determined by a jury plus interest, attorney's fees, liquidated damages, punitive damages and costs as allowed by law.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,
The plaintiff, by her attorney,

Michael J. Heineman
(BBO# 556841)
MINGACE & HEINEMAN, PC
284 Union Avenue
Framingham, MA 01702
(508) 626-8500

Dated: 12/ C1 /04



U.S. Department of Transportation

Office of the Secretary

Departmental Office of Civil Rights

Cambridge Regional Office
John A. Volpe National Transportation Systems Center
55 Broadway Street
Kendall Square
Cambridge, MA 02142-1093

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

September 15, 2004

Ms. Maria G. Masucci
c/o Mingace & Heineman
Attorneys at Law
284 Union Ave.
Framingham, MA 01702

RE: DOT Complaint No. 1-98-1103

Dear Ms. Masucci:

We are transmitting the Final Order (FO) in your complaint of discrimination filed against the Department of Transportation and the Federal Aviation Administration.

At your request, your complaint was sent to the Equal Employment Opportunity Commission (EEOC) for a hearing before an Administrative Judge (AJ). That process has been completed and the AJ issued a decision finding no discrimination. We have reviewed and analyzed the entire record in the complaint, and are accepting and fully implementing the AJs decision.

If you are dissatisfied with this final order, you have the following appeal rights:

> Within 30 calendar days of your receipt of this final decision, you have the right to appeal this decision to the:
>
> **Director, Office of Federal Operations**
> **Equal Employment Opportunity Commission**
> **P.O. Box 19848**
> **Washington, DC 20036.**
> (EEOC Form 573, Notice of Appeal/Petition, enclosed for this purpose.)
>
> Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court. The Court, at your request, may appoint and authorize legal counsel in circumstances that it deems just without the payment of

Exhibit "A"

fees, costs, or security. The granting or denial of the request is within the sole discretion of the Court.

You must name the person who is the official agency head or department head and his or her official title as the defendant in your appeal. In your case, you must name the following official as the defendant:

> The Honorable Norman Y. Mineta
> Secretary of Transportation
> 400 7th Street, S.W.
> Washington, DC 20590

Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

Please be advised that at the time you file any appeal or civil action, you must furnish a copy of the appeal documents to the following officials:

> Departmental Office of Civil Rights, DTS-908
> Department of Transportation
> Cambridge Regional Office
> Volpe National Transportation Systems Center
> 55 Broadway Street, Kendall Square
> Cambridge, MA 02142

> Manager, Personnel and Labor Law Branch
> Office of Chief Counsel, ACG-30
> Federal Aviation Administration
> P.L. 200.A
> 400 7th Street, S.W.
> Washington, DC 20590

Sincerely,

Helen Blackman, Director
Departmental Office of Civil Rights
Cambridge Regional Office

Enclosure: EEOC Form 573
cc:  Ms. Kathleen Mearn Clarke, Admin Judge
     Manager, Civil Rights Staff, ANE-9, ANE-7

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Masucci v. Minetta__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [X] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

   04

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael J. Heineman__
ADDRESS __284 Union Ave., Framingham, MA 01702__
TELEPHONE NO. __508-626-8500__

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MARIA MASUCCI

### DEFENDANTS
NORMAN MINETTA, SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael J. Heineman
Mingace & Heineman, P.C.
284 Union Ave., Framingham, MA 01702
508-626-8500

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. Sections 2000(e) and 1983; 28 U.S.C. Section 1331
Plaintiff alleges employment discrimination on the basis of sex, disability and reprisals

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $100,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 12/01/04

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____