UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA MASUCCI,<br><br>            Plaintiff,<br><br>    v.<br><br>NORMAN MINETA, Secretary,<br>U.S. Department of Transportation,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-12537 RGS |

## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
## FOR A MORE DEFINITE STATEMENT, AND TO STRIKE

Pursuant to Rules 12(b)(1) and (6), 12(e), and 12(f) of the Federal Rules of Civil Procedure, defendant Norman Mineta, Secretary, U.S. Department of Transportation, hereby moves: (1) to dismiss Counts I and II of plaintiff's Complaint and Jury Trial Demand ("Complaint") for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted; (2) for a more definite statement with respect to Count IV of plaintiff's Complaint; and (3) to strike plaintiff's claims for liquidated damages and punitive damages with respect to Counts III-V. The reasons for the foregoing motion are set forth in the accompanying Memorandum of Law.[1]

---

[1] We note that defendant is not filing an answer with respect to the claims not addressed in the motion to dismiss, because a partial 12(b) motion enlarges the time to file an answer with respect to the claims not addressed in the motion to dismiss. See Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F. Supp.2d 95, 122 (D. Mass. 1995). This is in accord with the definitive treatise on federal procedure, which explains that "the weight of the limited authority on this point is to the effect that the filing of a motion to dismiss suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion," and that "[c]ourts following this majority rule have noted that the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency." 5B Charles Allan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1346, at 46 (3d ed. 2004).

`                                                             Respectfully submitted,

                                                             MICHAEL J. SULLIVAN
                                                             United States Attorney

                                                              /s/ Mark T. Quinlivan
                                                             MARK T. QUINLIVAN
                                                             Assistant U.S. Attorney
                                                             United States Attorney's Office
                                                                John Joseph Moakley U.S. Courthouse
                                                             1 Courthouse Way, Suite 9200
                                                             Boston, MA 02210
                                                             617-748-3606

Dated: March 14, 2005


### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I certify that, on this date, March 14, 2005, I conferred with counsel for the plaintiff, Michael J. Heineman, Esq., regarding this motion, and Mr. Heineman indicated that he would review defendant's papers before taking a position.

                                                               /s/ Mark T. Quinlivan
                                                              MARK T. QUINLIVAN
                                                              Assistant United States Attorney