UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA MASUCCI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-12537 RGS |
| ) | |
| v. ) | |
| ) | |
| NORMAN MINETA, Secretary, ) | |
| U.S. Department of Transportation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL,
FOR A MORE DEFINITE STATEMENT, AND TO STRIKE**

This action was brought by plaintiff Maria Masucci, an employee of the Federal Aviation Administration ("FAA"), against Norman Mineta, Secretary, U.S. Department of Transportation, alleging discrimination on the basis of sex and disability, sexual harassment, and reprisal. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, "and other statutes," Complaint and Jury Demand ("Complaint"), Introduction, including pleading two causes of actions arising under Massachusetts law. Plaintiff seeks judgment against defendant in an amount to be determined by a jury plus interest, as well as attorney's fees, liquidated damages, punitive damages, and costs as allowed by law.

Plaintiffs' causes of action (Counts I and II) arising under Massachusetts law must be dismissed. The United States has not waived its sovereign immunity for claims arising under state law and, in any event, Title VII provides the exclusive remedy for claims of discrimination in federal employment. This Court also should require that plaintiff provide a more definite statement with respect to Count IV of the Complaint, which alleges that plaintiff was discriminated on the basis of

disability and/or handicap, to clarify whether plaintiff is proceeding under Section 501 or Section 504 of the Rehabilitation Act, 29 U.S.C. § 791, *et seq.* Finally, plaintiff's prayers for liquidated and punitive damages should be stricken, as neither Title VII nor the Rehabilitation Act provides for such damages against the federal government.

## BACKGROUND

This action was filed on December 3, 2004. According to her Complaint, plaintiff, who has been employed by the FAA since 1996, seeks "to redress wrongs done to her as a result of discrimination on the basis of sex, sexual harassment, discrimination on the basis of disability, and reprisals taken against her for complaints of unfair and discriminatory job actions." Complaint, Introduction. Plaintiff alleges that defendant's actions constituted unlawful wage discrimination in violation of Mass. G.L. c. 149, see Complaint, Count I, ¶¶ 17-19); that defendant's actions constituted violations of the Massachusetts Equal Rights Act, Mass. G.L. c. 93, see Complaint, Count II, ¶¶ 20-22; that she was subjected to unlawful sexual harassment by defendant, see Complaint, Count III, ¶¶ 23-27; that she was subjected to unlawful discrimination by defendant based on her disability and/or handicap, see Complaint, Count IV, ¶¶ 28-29; and that defendant took unlawful reprisals against her based on her complaint, see Complaint V, ¶¶ 30-31. Plaintiff seeks judgment against defendant in an amount to be determined by a jury plus interest, as well as attorney's fees, liquidated damages, punitive damages, and costs as allowed by law.

On January 3, 2005, the United States Attorney was served with a copy of the Complaint. On March 4, 2005, the defendant timely sought a one-week extension of time in which to file an answer or a motion to dismiss to plaintiff's Complaint, up to and including March 14, 2005.

**ARGUMENT**

I.   **THIS COURT LACKS JURISDICTION TO ENTERTAIN PLAINTIFF'S CAUSES OF ACTION ARISING UNDER MASSACHUSETTS LAW**

It is well-established that "'[t]he United States, as a sovereign, is immune from suit save as it consents to be sued * * *, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The statute that effectively waives the sovereign immunity of the United States for Title VII claims, 42 U.S.C. § 2000e-16, "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Services Admin., 425 U.S. 820, 835 (1976).

In her Complaint, plaintiff has pled two causes of action under Massachusetts law:  in Count I, she alleges that the defendant's actions amounted to wage discrimination in violation of Mass. G.L. c. 149 (Complaint ¶¶ 17-19); and in Count II, she alleges that the defendant violated the Massachusetts Equal Rights Act, Mass. G.L. c. 93, ¶ 102 (Complaint ¶¶ 20-22).  Neither claim falls within the limited waiver of sovereign immunity under Title VII.  Consequently, "[s]ince Plaintiff is a federal employee, she must avail herself of federal law rather than seek remedy in Massachusetts' anti-discrimination laws."  Healy v. Henderson, 275 F. Supp.2d 40, 45 n.42 (D. Mass. 2003).  Accord Ciafrei v. Bentsen, 877 F. Supp. 788, 796-97 (D.R.I. 1995) (dismissing state law claims because they did not arise "within the exclusive scheme of Title VII," which is "the exclusive remedy for the redress of federal employment discrimination, and preempts other discrimination laws.") (citing Brown, 425 U.S. at 829, 835).  Counts I and II of plaintiff's Complaint, therefore, must be dismissed.

## II. PLAINTIFF SHOULD BE REQUIRED TO IDENTIFY, WITH RESPECT TO COUNT IV OF THE COMPLAINT, WHETHER SHE IS PROCEEDING UNDER SECTION 501 OR SECTION 504 OF THE REHABILITATION ACT

In Count IV of her Complaint, plaintiff alleges that she was discriminated against on the basis of disability and/or handicap. See Complaint ¶¶ 28-29. Actions alleging disability discrimination by federal employees must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* Two provisions of the Rehabilitation Act are potentially relevant here. In Section 501 of the Act, Congress required that federal agencies must prepare "an affirmative action program for the hiring, placement, and advancement of individuals with disabilities in such department * * *. Such plan shall include a description of the extent to which and methods whereby the special needs of employees who are individuals with disabilities are being met." 29 U.S.C. § 791(b). In Section 504 of the Act, Congress provided that "[n]o otherwise qualified individual with a disability in the United States * * * shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."

There are important substantive differences between the two provisions. To begin with, there is a difference amongst the circuits whether Section 501 of the Rehabilitation Act creates the exclusive right of action for federal employees who suffer disability discrimination in the course of their employment, or whether a federal employee may proceed with a claim under Section 504 as well. Compare Taylor v. Small, 350 F.3d 1286, 1290-91 (D.C. Cir. 2003) (holding that Section 501 is exclusive cause of action for federal employees alleging discrimination based on disability or handicap); Rivera v. Heyman, 157 F.3d 101, 104 (2d Cir. 1998) (same); Johnson v. Runyon, 47 F.3d 911, 917 n.5 (7th Cir. 1995) (same); Johnston v. Horne, 875 F.2d 1415, 1420-21 (9th Cir. 1989);

-4-

Williams v. Widnall, 79 F.3d 1003, 1004 n.1 (10th Cir. 1996) (same); with Little v. FBI, 1 F.3d 255 (4th Cir. 1993) (federal employee may sue employing agency under both Sections 501 and 504); Doe v. Garrett, 903 F.2d 1455, 1461 n.10 (11th Cir. 1990) (same); Morgan v. United States Postal Serv., 798 F.2d 1162, 1164-65 (8th Cir. 1986) (same); Smith v. United States Postal Serv., 742 F.2d 257, 260 (6th Cir. 1984) (same); Prewitt v. United States Postal Serv., 662 F.2d 292, 304 (5th Cir. 1981) (same). Although the First Circuit has permitted a claim to be brought under Section 504, see Taub v. Frank, 957 F.2d 8, 10 (1st Cir. 1992), it has more recently indicated that the applicability of Section 504 in the federal employment context is an "open question." Leary v. Dalton, 58 F.3d 752 (1st Cir. 1995).

In addition, the remedies available under these two provisions are different. Section 501 incorporates the remedies and procedures applicable to Title VII actions against the United States pursuant to 42 U.S.C. § 2000e-16, see 29 U.S.C. § 794a(a)(1), while Section 504 incorporates the remedies and procedures applicable to Title VI actions against the United States pursuant to 42 U.S.C. § 2000d, see 29 U.S.C. § 794a(a)(2). Thus, while a federal employee bringing suit under Section 501 is entitled to seek compensatory damages insofar as Congress has waived the government's sovereign immunity for such claims, the Supreme Court has held that a federal employee bringing suit under 504 is not entitled to seek compensatory damages. Lane v. Pena, 518 U.S. 187, 191-97 (1996).

In this case, plaintiff has not identified whether her cause of action alleging discrimination based on disability and/or handicap is predicated on Section 501 or Section 504. Given the different remedial standards applicable to claims under Section 501 and Section 504, and the open question in this circuit whether a federal employee is able to pursue a claim under Section 504, defendant moves that plaintiff be required to provide a more definite statement as to whether her cause of

action alleging discrimination based on disability and/or handicap is brought under Section 501 or Section 504 of the Rehabilitation Act.

### III.   PLAINTIFF'S PRAYER FOR PUNITIVE AND LIQUIDATED DAMAGES SHOULD BE STRICKEN

In Counts III-V of her Complaint, plaintiff seeks both liquidated and punitive damages against the defendant.  She is entitled to neither.

1. <u>Punitive Damages</u>:  When it enacted the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072, Congress provided that employees suing for violations of Title VII "may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent." 42 U.S.C. §§ 1981(a)(1), (2).  Subsection (b), in turn, makes clear that "[a] complaining party may recover punitive damages under this section against a respondent ***(other than a government, government agency or political subdivision)*** if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. § 1981a(b)(1) (emphasis added).

Congress therefore has prohibited federal employees from the recovery of punitive damages under Title VII.  <u>See</u> <u>Terry</u> v. <u>Ashcroft</u>, 336 F.3d 128, 153 (2d Cir. 2003) (affirming district court's dismissal of demand for punitive damages against federal agencies, departments and officials); <u>Garrison</u> v. <u>Johnson</u>, 286 F. Supp.2d 41, 43 (D. Me. 2003) (Department of the Navy not subject to punitive damages under § 1981a(b)(1) because it is government agency).  Plaintiff's prayer for punitive damages, therefore, should be stricken with respect to Counts III and V of the Complaint.

The same conclusion holds true with respect to Count IV of plaintiff's Complaint, regardless of whether that claim is brought under Section 501 or Section 504 of the Rehabilitation Act. Because the remedies under Section 501 are the same remedies as those available under Title VII, see 29 U.S.C. § 794a(a)(1), a plaintiff bringing suit against the federal government under Section 501 is not entitled to punitive damages. See 42 U.S.C. § 1981a(b)(1). And it is settled that "[p]unitive damages are clearly not available" on a claim arising under § 504 of the Rehabilitation Act. Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 126 (1st Cir. 2003) (citing Barnes v. Gorman, 536 U.S. 181, 189 (2002)).

    2. Liquidated Damages: Plaintiff's prayer for liquidated damages is subject to a similar fate. Because neither Title VII nor Title VI (and, by extension, Section 501 and Section 504 of the Rehabilitation Act, respectfully) expressly provides for the recovery of liquidated damages against the federal government, a claim for such damages does not fall within the limited waiver of sovereign immunity. Plaintiff's prayer for liquidated damages, therefore, should also be stricken. Cf. Smith v. Office of Personnel Management, 778 F.2d 258, 263-64 (5th Cir.1985) (holding that, although liquidated damages are permitted in private sector cases under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b), where the employer's conduct is willful, such remedy is unavailable against the federal government because the United States is not mentioned in 29 U.S.C. § 633a, the self-contained section of the ADEA applicable to federal employees, and "[h]ad Congress intended to allow such an extraordinary remedy in a suit against the United States, certainly Congress would have expressly provided for it. We refuse to imply such a remedy in a suit against the sovereign."); Gibbons v. Burnley, 737 F. Supp. 1217, 1227 (D. Me.1990) (same).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court (1) dismiss Counts I and II of the Complaint; (2) order that plaintiff clarify whether Count IV of the Complaint is being brought under Section 501 or Section 504 of the Rehabilitation Act; and (3) strike plaintiff's prayer for liquidated and punitive damages.

`                                         Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                          /s/ Mark T. Quinlivan
                                          MARK T. QUINLIVAN
                                          Assistant U.S. Attorney
                                          United States Attorney's Office
                                          John Joseph Moakley U.S. Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          617-748-3606

Dated: March 14, 2005