UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA MASUCCI,<br><br>           Plaintiff,<br><br>v.<br><br>NORMAN MINETA, Secretary,<br>U.S. Department of Transportation,<br><br>           Defendant. | Civil Action No. 04-12537 RGS |

**DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME
TO FILE ANSWER OR OTHER RESPONSIVE PLEADING**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, defendant Norman Mineta, Secretary, U.S. Department of Transportation, hereby moves for an extension of time of 10 days, or until August 11, 2005, in which to answer or otherwise plead to plaintiff's Complaint. In support of the foregoing motion, defendants say as follows:

1. This action was brought by plaintiff Maria Masucci, an employee of the Federal Aviation Administration ("FAA"), against Norman Mineta, Secretary, U.S. Department of Transportation, alleging discrimination on the basis of sex and disability, sexual harassment, and reprisal. Plaintiff initially brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, "and other statutes, " Complaint and Jury Demand ("Complaint"), Introduction, including pleading two causes of actions arising under Massachusetts law. Plaintiff seeks judgment against defendant in an amount to be determined by a jury plus interest, as well as attorney's fees, liquidated damages, punitive damages, and costs as allowed by law.

2. On March 14, 2005, the United States moved for partial dismissal, for a more definite statement, and to strike.  Specifically, the United States (1) moved to dismiss plaintiff's causes of action (Counts I and II) arising under Massachusetts because the United States has not waived its sovereign immunity for claims arising under state law and, in any event, because Title VII provides the exclusive remedy for claims of discrimination in federal employment; (2) moved that plaintiff be required to provide a more definite statement with respect to Count IV of the Complaint, which alleges that plaintiff was discriminated on the basis of disability and/or handicap, to clarify whether she is proceeding under Section 501 or Section 504 of the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*; and (3) moved to strike plaintiff's prayers for liquidated and punitive damages, as neither Title VII nor the Rehabilitation Act provides for such damages against the federal government.

3. On June 28, 2005, this Court entered an Electronic Order granting defendant's motion.

4. On July 14, 2005, plaintiff filed a pleading with the Court indicating that, with respect to Count IV of the Complaint, she was proceeding under both Section 501 and Section 504 of the Rehabilitation Act.  Defendants answer or other responsive pleading therefore is due on this date, August 1, 2005.  See Fed. R. Civ. P. 12(a)(4)(B); 6(a), 6(e).

5. Defendant requests an extension of time of 10 days in which to answer or otherwise plead to plaintiff's Complaint, to more fully explore the question whether plaintiff may properly bring suit under both Section 501 and Section 504 of the Rehabilitation Act.

4. On August 1, 2005, undersigned counsel spoke with counsel for plaintiff, Richard M. Green, Esq., and inquired whether he would consent to this motion.  Mr. Green graciously stated that plaintiff would consent to this motion.

WHEREFORE, with good cause having been shown, defendants respectfully request that this Court grant them an additional 10 days, or until August 11, 2005, in which to answer or otherwise plead to plaintiff's Complaint.

`                                   Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                                     /s/ Mark T. Quinlivan
                                    MARK T. QUINLIVAN
                                    Assistant U.S. Attorney
                                    John Joseph Moakley U.S. Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA 02210
                                    617-748-3606

Dated: August 1, 2005


CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I certify that, on this date, August 1, 2005, I conferred with counsel for the plaintiff, Michael J. Heineman, Esq., regarding this motion, and Mr. Heineman indicated that he would review defendant's papers before taking a position.

                                      /s/ Mark T. Quinlivan
                                    MARK T. QUINLIVAN
                                    Assistant U.S. Attorney