UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARIA MASUCCI, | ) ) ) | Civil Action No. 04-12537 RGS |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| MARIA CINO,[1] Acting Secretary, U.S. Department of Transportation, | ) ) ) |  |
| Defendant. | ) ) ) |  |

**DEFENDANT'S CONSENT MOTION TO EXTEND
DISCOVERY DEADLINE BY ONE ADDITIONAL MONTH**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, defendant Maria Cino, Acting Secretary, U.S. Department of Transportation, hereby moves for an extension of the discovery cut-off and related dates by one additional month, or until October 31, 2006. Defendant acknowledges that this Court has ordered that no further extensions of this deadline will be granted, but submits that unforeseen circumstances, including the death of the mother of defendant's agency counsel and his resulting unavailability in assisting in the scheduling of depositions, necessitates this request. Plaintiff Maria Masucci, through counsel, consents to this motion. In support of the foregoing motion, defendant states as follows:

1. On February 22, 2006, this Court adopted the parties' Joint Statement Pursuant to Rule 16.1 in part, and set a schedule under which the parties were to complete all fact depositions and discovery by July 31, 2006; and file dispositive motions by September 1, 2006, with responses due 14 days thereafter unless enlarged by the Court.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Maria Cino, Acting Secretary of Transportation, is automatically substituted for her predecissor, Norman Mineta.

2. On July 18, 2006, the parties jointly moved to continue these dates by two months to allow the parties to complete fact depositions and discovery, on the ground that the parties had been unable to complete the depositions within the current schedule due to difficulties in coordinating the depositions around the summer vacation schedules of counsel and the witnesses, and the fact that two of the witnesses whom plaintiff wishes to depose no longer are employed by the federal government, and therefore have to be located before they are subponaed for depositions.

3. On July 31, 2006, this Court allowed the parties' motion, but stated that "No further enlargements will be allowed."

4. Since that date, plaintiff has scheduled three depositions of employees of the Federal Aviation Administration located in the Greater Boston area for September 12, 2006. The parties also have been working to schedule the deposition of Willie Gripper, Jr., an FAA employee located in Atlanta, Georgia, at a mutually convenient date, and have been waiting to obtain the last known address of two former FAA employees whom plaintiff wishes to depose.

5. Undersigned counsel has been working with Wayne A. Tonkins, an Attorney with the Office of General Counsel, Federal Aviation Administration, to coordinate the deposition schedules and obtain the most recent contact information for the two former FAA employees. In a letter dated August 10, 2006, undersigned counsel was informed that the mother of Mr. Tonkins had recently passed away and that he would be out of the office through at least September 5, 2006. The letter also requested that the scheduling of depositions be stayed until Mr. Tonkins returns to the office. As a result of Mr. Tonkins' absence, undersigned counsel has been unable to coordinate the deposition schedules with plaintiff's counsel for Mr. Gripper or obtain the last known addressed of the two former FAA employees, let alone schedule their depositions.

6. On August 29, 2006, undersigned counsel also was informed that he has been awarded the Attorney General's Award for Distinguished Service, and that he is to be presented with that award during a ceremony that is scheduled for September 12, 2006, at 2:00 p.m., in Washington, D.C. That date is the same date on which the parties had scheduled the depositions for the three FAA employees in the Greater Boston area. Plaintiff's counsel has graciously agreed to reschedule those depositions to a mutually convenient date so that undersigned counsel can attend this ceremony to be presented with this award.

7. As a result of the inability of the parties to schedule depositions due to Mr. Tonkins' absence, and the need to reschedule the depositions that had been set for September 12, 2006, it is likely that the parties will be able to schedule all depositions in this case before September 29, 2006. Among other things, undersigned counsel is scheduled to be in trial in <u>Coyne</u> v. <u>United States</u>, No. 01-11270 NG, during the week of September 18, 2006.

8. In view of these circumstances, which were unforeseen at the time the parties made their previous request for an extension of the discovery cut-off date, defendant respectfully requests that exceptional circumstances exist that warrant a further extension of the discovery cut-off date for one additional month, or until October 31, 2006.

9. On August 30, 2006, undersigned counsel spoke with counsel for the plaintiff, Michael Heineman, Esq., regarding this motion, and Mr. Heineman indicated that plaintiff consents to this motion.

WHEREFORE, with good cause having been shown, the parties respectfully request that this Court grant them an additional one-month extension of the discovery cut-off date, up to and including October 31, 2006.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant U.S. Attorney
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        617-748-3606

Dated: September 1, 2006

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I certify that on August 30, 2006, I conferred with counsel for the plaintiff, Michael J. Heineman, Esq., regarding this motion, and Mr. Heineman indicated that plaintiff consents to this motion.

        /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant U.S. Attorney